**Dan PAULINO, et al., Respondents,**

v.

**COMPUTER RENAISSANCE,
et al., Appellants.**

**No. ED 79236.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 2001.

Alan J. Agathen, St. Louis, MO, for appellants.

Rick Barry, Law Offices of Rick Barry, P.C., Gregory Kloeppel, St. Louis, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Appellants Computer Renaissance, Jim Jones and B & J, L.L.C. (collectively "Appellants") appeal from a judgment of the Circuit Court of St. Louis County in favor of Respondents Mark Lang and Edward Roberson (collectively "Respondents").

We reverse.

---

**2.** Driver does not allege he is under twenty-one years of age or qualifies under any other conditions in this statute.

### Factual and Procedural Background

Appellant Jones was the co-owner of Computer Renaissance, a store in Ballwin, Missouri which was in the business of buying and selling computer equipment. In 1998, Dan Paulino, a Ballwin police officer, began purchasing computer components from Computer Renaissance. Paulino used these components to assemble computer systems for resale. Paulino eventually became acquainted with Jones and Shawn McNew, the store manager at Computer Renaissance, and discussed the possibility of obtaining a discount on his purchases because he was a repeat customer. Shortly thereafter, McNew told Paulino that Jones had approved a discount purchase plan for Paulino. Paulino made his purchases directly from McNew by both cash and check.

Respondents Lang and Roberson, also police officers with the Ballwin police department, were among the individuals to whom Paulino sold his computer systems. Lang purchased his computer system from Paulino for $800 and Roberson purchased his system for $1200. Paulino purchased the components for these systems from McNew.

During the time in which Paulino was purchasing components from McNew, Jones began to notice discrepancies in the inventory at Computer Renaissance. Jones undertook his own investigation and began surveillance of the store. During his surveillance, Jones observed Paulino leaving the store through the back door with store merchandise. Store policy provided that only employees were to use the back door. Jones then reviewed the business receipts for the day and discovered that there were no recorded transactions involving Paulino. After further investigation, Jones discovered that he had lost approximately $40,000 worth of merchandise.

In April, 1999, Jones contacted the Ballwin police department and a formal investigation was launched. Investigators compared the dates on the checks written by Paulino to McNew with the store's daily sales records. The sales records reflected no purchases by McNew or Paulino on or near the date on which the checks were written. Moreover, there were no comparable sales to unnamed customers that would account for the missing inventory. The investigators concluded that McNew had stolen the equipment and McNew subsequently pled guilty to theft of the computer equipment from Computer Renaissance.

As part of the investigation, Respondents were instructed by their chief of police to turn the computer equipment they had purchased from Paulino over to the department. They did so and the equipment was later returned to Computer Renaissance and resold.

Paulino, Lang, and Roberson then brought an action in replevin for the return of the computer equipment that had been returned to Computer Renaissance during the investigation. The trial court found that Paulino was not an "innocent purchaser/bona fide purchaser." However, Respondents were found to be innocent, bona fide purchasers. The trial court therefore entered judgment in favor of Lang for $800 and in favor of Roberson for $1200 as return of the property was impossible because Computer Renaissance had resold the computers. It is from this judgment that Appellants appeal.

### Discussion

■ In their sole point on appeal, Appellants contend that the trial court erred in entering judgment in favor of the Respondents because the McNew's title to the property was void, thus rendering the

purported transfer of title from Paulino to Respondents void as well. In response, Respondents rely on Section 400.2–403 RSMo (2000)[1] in support of their argument that McNew transferred good title to Paulino, who, in turn, transferred that good title to Respondents. This argument is premised on the assumption that McNew had title in the first instance. This assumption is incorrect.

 A purchaser of goods acquires only that title which the transferor had or had power to transfer. Section 400.2–403(1). In this case, the record reflects that McNew pled guilty to theft of the computer equipment he sold to Paulino and which Paulino then sold to Respondents. A thief's title to stolen property is void. *Moore Equipment Co. v. Halferty*, 980 S.W.2d 578, 585 (Mo.App. W.D.1998). A void title is no title at all. As McNew had absolutely no title to transfer under any circumstances, all subsequent transfers of the property were likewise void.

Respondents counter by arguing that under Section 400.2–403, McNew had the power to transfer the equipment to Paulino. The statute provides, *inter alia*, that a person with *voidable* title can transfer good title to a good-faith purchaser for value, even if "the delivery was procured through *fraud* punishable as larcenous under the criminal law." (emphasis added). Respondents' argument is premised on the faulty assumption that McNew had "voidable" title to the components he transferred to Paulino. As discussed previously, McNew pled guilty to theft of the components. His title to the components was therefore void and he had no power to pass good title to Paulino. As Paulino did not acquire good title, he had no power to pass good title on to the Respondents. The trial court therefore erred in finding

that, as bona fide purchasers, the Respondents acquired good title to the equipment and were entitled to a judgment against Computer Renaissance for the value of the equipment they had acquired from Paulino.

Reversed.

AHRENS, J. and ROBERT G. DOWD, JR., J. concur.

---

1. All subsequent statutory citations are to RSMo (2000) unless otherwise indicated.